IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                       **CAUSE NO. 1:20-cr-81-LG-JCG-2**

**MIRANDA ANN SHAMBLIN**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

**BEFORE THE COURT** is the [117] Motion to Reduce Sentence filed by Defendant, Miranda Ann Shamblin. The Government filed a [120] Response. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On January 20, 2021, Defendant entered a plea of guilty to one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On June 23, 2021, the Court sentenced Defendant to 97 months' imprisonment, 3 years' supervised release, a fine of $3,000.00 with interest waived, and a special assessment in the amount of $100.00.

On October 7, 2022, Defendant filed a *pro se* Motion to Reduce Sentence based on her claim that her sister, who was previously the caregiver of her minor son, is now deceased and that she has become the only available caregiver for him. (*See generally* Mot. Reduce Sentence, ECF No. 117). On October 21, 2022, the Government filed a response to the Motion, which opposes Defendant's requested relief. (Govt.'s Resp. Def.'s Mot., ECF No. 120).

## DISCUSSION

### I. Ripeness of Defendant's Motion

A defendant must first satisfy one of two exhaustion avenues before the court may consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has held that this exhaustion requirement "is a paradigmatic mandatory claim-processing rule" which the court "*must* enforce" if the Government raises it. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (emphasis in original). Defendant alleges that she submitted a compassionate release request on May 17, 2022, which was denied on September 22, 2022. (Mot. Reduce Sentence, at 3, ECF No. 117). Further, the Government has not raised the exhaustion issue; therefore, the Court will proceed to the merits of the Motion.

### II. Merits of Defendant's Motion

Turning to the merits, Defendant's original *pro se* Motion argues that she is the only available caregiver for her 10-year-old son. She states that the previous caregiver, her sister Julian Nicole Pavolini Griswold, "was the victim of a triple murder/suicide" on April 7, 2022, which left the child without a caregiver. (Mot., at 6, ECF No. 117). She also states that her mother "passed away suddenly on June 12, 2021 from a COVID-19 induced heart attack" and that the child's father is not

present in the child's life due to their separation. (*Id.*). Further, she attests that the child currently "is living with [her] aunt and uncle who happen to live across the street from my mother's home where my sister was living at the time she was murdered"; her uncle is reportedly disabled. (*Id.*).

In response, the Government argues that Defendant has failed to demonstrate that her family circumstances justify compassionate release. The Government points out that Defendant herself "states that her daughter[1] is now in the custody of Defendant's aunt and uncle who live across the street from Defendant's permanent residence." (Govt.'s Resp. Def.'s Mot., at 2, ECF No. 120). The Government quotes Defendant's proposed release plan, in which she claims that her grandmother "lives less than half a mile down the same street." (Proposed Release Plan, at 2, ECF No. 117-1). The Government also argues that the § 3553(a) factors disfavor a sentence reduction. (*Id.* at 3).

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under Fifth Circuit precedent, the Court must consider whether factors, including those outside the U.S.S.G. § 1B1.13 policy statement—which proves to be a helpful guidance, *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021)—constitute "extraordinary and compelling" reasons justifying a reduction in sentence. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir.

---

[1] Defendant refers to her child as her son. (*See* Mot., at 6, ECF No. 117).

2021). As to family circumstances, the policy statement contemplates the "death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. 1(C). The Court also must consider the factors set forth in § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

Here, although the Court is sympathetic to Defendant's family situation, the Court must agree with the Government that Defendant has not shown that she is the only available caregiver for her minor child. She herself reports that her aunt, uncle and grandmother are currently providing or available to provide caregiving to the child. *See United States v. Moody*, No. 1:17CR83-LG-JCG-1, 2022 WL 2679443, at *2 (S.D. Miss. July 11, 2022) ("Although the Court is sympathetic to Moody's family plight, the record reflects that Moody's older brother is being cared for by their younger sister. Since another caregiver is available, extraordinary and compelling circumstances do not exist."); *United States v. Blevins*, No. 5:09CR15-DCB-JCS, 2020 WL 3260098, at *5 (S.D. Miss. June 16, 2020) ("To the contrary, Defendant states that his wife currently resides with her son's family members who are providing care for her. Blevins is not 'the only available caregiver for the spouse or registered partner,' so his request for relief due to family circumstances fails."). Therefore, under the law, Defendant's Motion does not present an extraordinary and compelling reason justifying her release.

Further, the § 3553 sentencing factors must be surmounted for the Court to grant compassionate release. These sentencing factors include the nature and circumstances of the offense and the history of the defendant. The Court may also

consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and treatment. 18 U.S.C. § 3553(a). Here, Defendant entered a plea of guilty to conspiracy to possess with intent to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. § 846. Defendant's total offense level was 29, as she possessed a firearm during the course of the offense, but she also demonstrated acceptance of responsibility. (Presentence Investigation Report (PSR) ¶¶ 127-36, ECF No. 112). Based on her offense level and criminal history category of III, Defendant's guideline range was 108-135 months, but she was sentenced to 97 months' imprisonment, already less than the guideline range. (*Id.* ¶¶ 171-72; J., ECF No. 115). Under these facts, the Court does not find that Defendant's release would reflect the severity of the offense nor afford adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [117] Motion to Reduce Sentence filed by Defendant, Miranda Ann Shamblin, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE